*Edward M. Brennan, James E. L. Smith,* for respondents.

WILDER DWIGHT BANCROFT, *Tr. et al. vs.* JOHN C. BANCROFT *et al.*

AUGUST 6, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is a bill in equity brought by trustees under two related wills for instructions relative to said wills. The cause, being ready for hearing for final decree, was certified to this court for determination, in accordance with general laws 1938, chapter 545, § 7.

All persons of full age and in being who have any interest in the issues raised in the cause were made respondents and appeared and filed answers admitting as true the facts al-. leged in said bill. A guardian *ad litem* was appointed by the superior court to represent the interests of a minor and any interests of persons unascertained and not in being. The guardian *ad litem* filed an answer submitting the interests of those represented by him to the protection of the court.

It appears from the admitted allegations of the bill that John Chandler Bancroft, late of the town of Middletown in this state, died February 3, 1901, leaving a will executed January 3, 1901 and admitted to probate in said town March 18, 1901. At the time of his death he owned three parcels of land on Easton's Point in said town, aggregating about fifteen acres. By his will he appointed his son Wilder Dwight Bancroft, a complainant herein, and William L. Putnam, who died July 26, 1926, executors of his will and trustees thereunder. After this cause was begun John Chandler Bancroft, a grandson of the testator and an individual respondent, was duly appointed as trustee under clause 3 of said will, and was, by order of the superior court, made a party respondent in that capacity. It also appears that Wilder Dwight Bancroft and Robert H. Gardiner, also a complainant, are now duly qualified and acting trustees under clause 5 of said will.

The testator was also survived by two daughters. One of them, Hester Bancroft, married Rodolph Ladeveze Adlercron, an English subject and one of the respondents. She died May 26, 1939, leaving three daughters and one grandchild, a minor, all likewise respondents herein. Her will was duly admitted to probate on September 9, 1939 in Lincoln, England and an exemplified copy thereof was, on April 15,

1940, ordered filed and recorded by the probate court of the town of Middletown. By her will she appointed the complainants Robert H. Gardiner and Wilder Dwight Bancroft executors and trustees of all her real and personal estate in the United States, and they are now so acting.

By clause 3 of the will of John Chandler Bancroft the real estate in Middletown above referred to was devised to the trustees under his will to be held during the life of his wife for her benefit. She died January 26, 1906. The will next provided in clause 3 as follows:

> "After the death of my wife, . . . I direct my trustees to hold my estate in Middletown, Rhode Island, during the life of the survivor of my son Wilder Dwight Bancroft and of my daughter Hester Bancroft and to lease said property to either of said children who desires to occupy it in the order of their age, and with their consent, or with the consent of the survivor of them, to lease it to a stranger, and after paying taxes, insurance and repairs and all other necessary expenses to pay the income in equal shares to my son Wilder Dwight Bancroft and my daughter Hester Bancroft the share of either of said children who is deceased to be paid as he shall by will appoint . . . and upon the death of the survivor of my said children or with the consent of said children or of the survivor of them, at any time, to sell said estate and to pay one half the proceeds to my son Wilder Dwight Bancroft if he is then living, . . . and to add one half the proceeds to the share of the residue held in trust for my daughter Hester Bancroft if she is living, and if she is dead, to pay over her share to the persons who became entitled to her share of the residue hereinafter created upon her death or to their personal representatives."

By clause 5 of his will the testator devised the residue of his estate to his trustees in trust to pay the net income thereof to his wife for her life and upon her death to divide said residue into shares, one of which was set apart for his said daughter Hester, by article 5 of said clause 5, as follows:

> "If my daughter Hester is living at the time said division is to be made to hold her share and to invest and

reinvest it according to their best judgment and pay over the net income to her, and after her death to pay over the principal of her share as she shall by will appoint and in default of appointment to her issue surviving her in equal shares by right of representation. . . ."

The first part of the will of Hester Ladeveze Adlercron contains the following language:

"I DEVISE my messuage with the appurtenances thereto situate in Newport U. S. A. to my Foreign Trustees UPON TRUST to offer the same for sale at the price of Fifteen thousand Dollars to each of my three daughters successively in order of seniority and to convey the same to whoever of my said daughters shall signify her desire in writing to purchase the same and shall pay the price aforesaid to my Foreign Trustees before my daughter Pauline attains the age of thirty years And upon further trust to pay to my nephew John Chadler Bancroft the said sum of Fifteen thousand Dollars and subject to the foregoing trusts I DIRECT my Foreign Trustees to permit the said John Chandler Bancroft to have the use and enjoyment of the said messuage and appurtenances during his life or until the same shall be so conveyed as aforesaid (whichever period shall be the shorter) or alternatively at the option of the said John Chandler Bancroft to permit him to receive the rents and profits thereof during the like period he in either case at his own expense keeping the said messuage and appurtenances in good repair and condition both inside and outside (reasonable wear and tear only excepted) and the buildings insured in the names of my Foreign Trustees against loss or damage by fire and tempest to the value of Fifteen thousand Dollars at least and he also paying all rates taxes and other outgoings of any kind whatsoever payable in respect of the said house and appurtenances AND I DECLARE that if when my said daughter Pauline attains the age of thirty years none of my said daughters shall have so signified her desire to purchase as aforesaid and the said house and appurtenances shall not have been conveyed as aforesaid then the said John Chandler Bancroft shall not be entitled to receive the said sum of Fifteen thousand Dollars and my Foreign Trustees shall stand possessed of the said house and appur-

tenances UPON TRUST for the said John Chandler Bancroft absolutely and I FURTHER DECLARE that if more than one of my said daughters shall signify her desire to purchase the said house and appurtenances as aforesaid within the time aforesaid then the same shall be sold by my Foreign Trustees to the elder or eldest of such daughters so signifying her desire to purchase it"

The eldest daughter of said testatrix has now reached the age of thirty but her youngest daughter, Pauline, has not.

It further appears that the said realty in Middletown is about to be sold and certain doubts have arisen as to the proper construction of the portions of the two wills above referred to. The complainants, therefore, pray in their bill that they may be instructed by this court on the following questions: "(1) In whom is the title to said real estate vested? (2) In whom is the power to sell said real estate vested? (3) Did Hester Ladeveze Adlercron by her Last Will validly exercise the power of appointment under Clause 3 of said will of said John Chandler Bancroft over her interest in said real estate or in the proceeds of sale thereof? (4) When said real estate is sold, who is entitled to the interest of Hester Ladeveze Adlercron in the net proceeds of sale of said real estate? (5) Pending the sale of said real estate, who is entitled to the income, if any, therefrom?"

The first two questions may be answered by a consideration of the will of John Chandler Bancroft alone. These questions concern the present status of the title of the Middletown property and who has the power to sell said property. In substance, all the parties in interest take the position that such title is now vested in the duly qualified and acting trustees provided for in the third clause of his will. The said parties likewise agree that during the lifetime of Wilder Dwight Bancroft, the sole surviving life tenant of the property in question under the provisions of said clause, said trustees have the power to sell said property with his consent, and also that, upon his death, the surviving trustee

under said clause has the mandatory duty of selling said property.

After carefully considering the said will of John Chandler Bancroft, particularly clause 3 thereof, we are of the opinion that the above positions taken by the parties herein are correct. In addition, we find that in such will the testator gave no power of appointment to Hester Bancroft, which in any way affected or related to the fee of said Middletown property.

In answer to the first two questions, therefore, we hold that the title in fee to said property is in the duly qualified and acting trustees provided for in the third clause of said will, and that they have the power and duty to sell said property under the conditions and circumstances above indicated in that will.

The remaining three questions may be considered together.

The controversy in this connection is between John Chandler Bancroft, individually, and the husband and heirs of Hester Ladeveze Adlercron. It is not questioned that the law of this state governs in this cause. It has been held in cases dealing with the alleged execution of a power of appointment over personalty that the law of the domicile of the donor of the power controls. *Cotting v. De Sartiges,* 17 R. I. 668; *Rhode Island Hospital Trust Co. v. Dunnell,* 34 R. I. 394. See also G. L. 1938, chapter 566, § 36, which relates to realty and reads as follows: "All questions arising as to the meaning, interpretation or construction of a will executed without the state, affecting real estate within this state, shall be determined according to the laws of this state."

The parties also take the position that G. L. 1938, chap. 566, § 9 has no application in this cause. That section, in substance, provides that a general devise of the real estate of a testator or a bequest of his personal property described in a general manner shall be construed to include any real estate or any personal estate, as the case may be, to which

such description shall extend, "which he may have power to appoint in any manner he may think proper, and shall operate as an execution of such power, unless a contrary intention shall appear by the will." The scope and meaning of that section was fully discussed by the court in *Rhode Island Hospital Trust Co. v. Dunnell, supra.*

The parties contend that it is not necessary or proper to resort to said statute to uphold an execution of a power of appointment, when it clearly and specifically appears from the donee's will that the power in question is being intentionally exercised in a certain manner, without reference to any devise or bequest in general terms. They argue that it is not the purpose of the statute to defeat an express intention, but only to supply one when none definitely appears in the will. The parties, referring respectively to different portions of the will of Hester Ladeveze Adlercron, maintain that it appears from said will that she clearly, specifically and intentionally executed said powers of appointment in other than general terms. After examining her will we are likewise of the opinion that said § 9 need not be considered further in this cause.

In answering the three questions before us our duty is to ascertain, if possible, from her will her intent in connection with the execution, if any, of the powers of appointment given her under the will of her father. The powers involved are found in clause 3 and in article 5 of clause 5 of the will of John Chandler Bancroft. Briefly, the first power given to his daughter Hester under her father's will was to appoint by her will one half the net income of the Middletown property during her brother's life if he survived her; and the second power given her thereunder was over the principal of her share of his entire residuary trust estate, not merely over one half the proceeds of the sale of the Middletown property. There is no provision anywhere in his will, similar to the one relating to the disposition of one half the income from the Middletown property, which gives her the separate and distinct power of appointment over one half the net proceeds

from the sale of that property. However, by his will he did provide that if the Middletown property was sold after his daughter Hester's death one half the net proceeds of such sale which, if she were living would constitute merely a part of the residuary trust for her benefit, should be paid over to the persons who would be entitled to her share of his residuary estate, over which share she did have a power of appointment.

The respondent John Chandler Bancroft in his individual capacity contends, in substance, that the said powers were exercised by the testatrix Hester Ladeveze Adlercron in his favor in the early part of her will, which portion has heretofore been quoted. On the other hand, the husband and heirs of said testatrix maintain that said powers were not exercised, or even attempted to be exercised, by her in the aforesaid portion of her will, but that she did specifically exercise said powers in the latter part of her will following the disposition of her residuary estate.

After referring to the fact that she had a general power of appointment by will under a certain trust deed, the testatrix provided as follows in the portion of her will upon which her husband and heirs rely: " . . . and under the Will dated the Third day of January one thousand nine hundred and one of my late father John Chandler Bancroft I have a general power of appointment by Will over certain of the funds and property which are now or shall hereafter become subject to the trusts of the said Will Now I in exercise of the said respective powers of appointment and each of them and of every other power me thereunto enabling hereby appoint that all the property now or hereafter to become subject to the limitations and trusts of the said Trust Deed and of the said Will or of either of them to which the said powers of appointment or either of them shall at the date of my death extend shall" first be applied in connection with certain mortgages; "And subject thereto I appoint that the residue of the property subject to the said powers of appointment or either of them shall be held upon the same trusts and subject

to the same powers and provisions as are hereinafter declared concerning my property situate in the United States of America."

Her will next provided that her property in the United States of America be held by her "Foreign Trustees," so called, in trust for certain temporary purposes, and then be remitted by them to her English trustees to be held and applied by the latter "in the manner hereinbefore provided concerning the proceeds of the realization of the residuary real and personal estate situate otherwise than in the United States of America."

After a careful consideration of the will of the testatrix, we find that she validly executed the powers of appointment in question in the part of her will last quoted, and in no other part of her will. In view of this conclusion, we will assume, for the purposes of this cause, that said testatrix, when she referred in her will to "my messuage with the appurtenances thereto situate in Newport U. S. A." meant and intended to describe her father's Middletown estate.

The general scheme of her will, with the exception of the part referring to the property just described, seems plain and understandable. The portion of her will just above quoted definitely and specifically refers to the testamentary powers of appointment given her in her father's will, states that she is then exercising them, and, in our opinion, shows a clear intent on her part to fully and completely execute said powers so as to appoint both one half the net income from the property in question and also the principal of her share of her father's entire residuary trust estate, which last appointment would, in effect, include and govern the disposition of her one half part of the net proceeds from the sale of said property. Since the will of the testatrix contains the definite provisions that the powers involved are being exercised by her, it is not necessary to depend upon statutory or common-law rules of construction to ascertain her intent, as would be necessary and proper if her will contained no such provision.

The Middletown property was not specifically and expressly excluded from the operation of the latter part of the testatrix's will in which she stated she was exercising the powers of appointment above mentioned. The respondent John Chandler Bancroft, however, argues that we should construe the early portion of her will, in which she refers to the "Newport" property, as amounting to such an exclusion. We cannot agree with that contention. It may well be that the testatrix attempted in said portion of her will to benefit said respondent in some manner in respect to the said property; but not, in our opinion, through the exercise of her said testamentary powers of appointment.

He has called our attention to *Industrial Trust Co.* v. *Colt,* 45 R. I. 334. In our opinion, that case is distinguishable from the instant cause. In the *Colt* case the court held, in substance, that general language in a residuary clause referring to any estate of which the testator had the power of appointment by will would not take precedence of other language in the will showing a clear intention to bequeath the income in question. In other words, the situation was the opposite from that appearing in the present cause, in that the clear intent to exercise the power appeared, in that case, in the early part of the will. See *Brown* v. *Fidelity Union Trust Co.,* 126 N. J. Eq. 406, which, in our judgment, more nearly resembles the instant cause on this point.

In support of his position the respondent John Chandler Bancroft argues that it is our duty, if possible, to give effect to all parts of the will of the testatrix and that the only way to do this, as far as the part referring to the "Newport" property is concerned, is to consider that portion an exercise of the powers of appointment now under consideration. It is undoubtedly true that the court attempts, if possible, to give effect to a testator's entire will. In the instant cause, however, we are of the opinion that this cannot be done. The part of the testatrix's will, hereinbefore set out, dealing with the "Newport" property, so called, apparently was due to

her greatly mistaken idea concerning her interest in and her powers over said property.

In the part of her will now under discussion, she apparently proceeded on the theory that she and not the trustees under her father's will held the title to said property, and that she could do with it as she wished. Thus, after attempting to devise a fee simple estate in said property to trustees, she gave them a power of sale under certain conditions and fixed a definite sale price; she provided that said price should be paid over to John Chandler Bancroft if the property was sold; she provided also that no sale be had until her youngest daughter reached the age of thirty; she attempted to give John Chandler Bancroft a limited life estate in the property, with the right to either live in it or enjoy the rents therefrom, he to be responsible for repairs, taxes, and insurance; and finally, if none of her daughters purchased said property before the youngest reached the age of thirty, then said trustees were to hold said property absolutely for the benefit of said John Chandler Bancroft.

In this part of her will she did not make any reference to the powers of appointment now under consideration, or state that she was acting in the exercise thereof. It is impossible, in our opinion, to construe this attempted, comprehensive dealing with the complete title in fee of said property as an exercise of the definite and limited powers of appointment over one half the net income from said property and over the principal of the testatrix's share of her father's entire residuary trust estate. The difference is too great. In our judgment, there would be more force in said respondent's argument in this connection if the alleged exercise by the testatrix of the powers of appointment more nearly resembled the actual powers given her by her father's will, and if she had not expressly referred to said powers and their exercise in the latter part of her own will.

It is clear that there is nothing in the portion of her will wherein she attempted to dispose of her interest in the Middletown property which might reasonably be construed

as an exercise of her power of appointment over her share of the principal of her father's residuary trust estate. Yet under his will that appointment, which we have determined was validly made in the latter part of her will, governed the disposition of her one half part of the net proceeds from the sale of that property, as such part would become practically a portion of her father's residuary trust estate.

In support of his contentions the respondent John Chandler Bancroft has cited, among other cases, *Blagge* v. *Miles*, 1 Story 426, a leading case in relation to the execution of powers of appointment, and *Wilmington Trust Co.* v. *Grier*, 19 Del. Ch. 34. In our opinion, these cases are clearly distinguishable from the instant cause in view of the nature of the specific provisions of the will of Hester Ladeveze Adlercron to which we have referred.

Further, we are of the opinion that the principle of law, at times invoked, that where an exercise of a power is in part valid and in part invalid, such exercise, so far as it is valid, will be given effect if said parts are separable, does not apply here. This is not a case, as the respondent John Chandler Bancroft suggests, in which the testatrix, in the first part of her will, in allegedly exercising the powers in question, merely went too far and attempted to make an excessive appointment. We have found, after an examination of the entire will of Hester Ladeveze Adlercron, that the powers of appointment in question were clearly exercised by her in the latter part of her will and were not exercised by her at all in the early part of said instrument. Thus the question of partial exercise of the powers does not arise.

In conclusion, therefore, we answer the third question propounded in the affirmative.

In answer to the fourth question, we hold that the share of Hester Ladeveze Adlercron in the proceeds of any sale of the Middletown property should, under the circumstances appearing herein, be paid to Robert H. Gardiner and Wilder Dwight Bancroft, the foreign executors and trustees, so called, under her will, for the uses, purposes and disposition

by them as she made provision for in her will, certain mortgages referred to therein having been paid at the time of her death.

Our answer to the fifth question, in respect to the disposition of the share of Hester Ladeveze Adlercron in the net income, if any, from the Middletown property pending its sale, is the same as that we gave in answer to the fourth question.

The parties may, on October 5, 1942, present a form of decree in accordance with this opinion.

*Sheffield & Harvey,* for complainants.

*Burdick, Corcoran & Peckham, William A. Peckham, Alexander G. Teitz,* for John C. Bancroft.

*William MacLeod,* for other respondents.